UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID WHITAKER, an individual, *et al.*,

                Plaintiffs,              REPORT AND
                                                                                                                                                                     RECOMMENDATION
   -against-                           20 CV 2831 (RPK)(RML)

BBF PARTNERS LLC, a New York
domestic limited liability company doing
business as BUSINESS FUNDING SOURCE,
*et al.*,

                Defendants.
----------------------------------------------------------X

LEVY, United States Magistrate Judge:

By order dated November 5, 2020, the Honorable Rachel P. Kovner, United States District Judge, referred the motion of defendant BBF Partners, LLC ("defendant" or "BBF") for attorney's fees to me for report and recommendation. For the reasons stated below, I respectfully recommend that defendant's motion be denied.

Plaintiffs David Whitaker and Mon Ethos Pro Consulting, LLC ("plaintiffs") commenced this action on June 25, 2020, alleging violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691(d), and asserting state law claims for intentional misrepresentation, fraudulent inducement, and negligent misrepresentation. (See Complaint, dated June 25, 2020, Dkt. No. 1.) On September 28, 2020, plaintiffs filed a Notice of Voluntary Dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (See Notice of Voluntary Dismissal, dated Sept. 28, 2020, Dkt. No. 65.) Although the parties had engaged in expedited discovery and litigation related to plaintiff's motion for a temporary restraining order and preliminary injunction, defendant had neither answered the complaint nor filed a dispositive motion by that date, and there was no court-ordered determination concerning plaintiffs' claims. Defendant filed the instant motion on October 15, 2020, claiming entitlement to "approximately $44,000" in

attorney's fees.  (See Letter of Ariel Bouskila, Esq., dated Oct. 15, 2020 ("Def.'s Ltr."), Dkt. No. 67.)

"'Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.'"  Baker Botts L.L.P. v. ASARCO LLC, 576 U.S. 121, 126 (2015) (quoting Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 252-53 (2010) (internal quotation marks omitted)).  Here, defendant seeks attorney's fees pursuant to section 3.3 of each of the two Merchant Agreements allegedly at issue.  (See Def.'s Ltr., Exs. A, B.)  The first agreement, dated June 10, 2020, states:

> 3.3 Costs. Merchant [Mon Ethos Pro Consulting LLC] shall pay to RDC [Rapid Cap. Inc.] all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of RDC's remedies set forth herein, including but not limited to court costs and attorneys' fees.

(Id., Ex. A.)  The second agreement, dated June 15, 2020, states:

> 3.3 Costs. Merchant [Mon Ethos Pro Consulting LLC] shall pay to DDF [DayToDay Funding] all reasonable costs associated with (a) a breach by Merchant of the Covenants in this Agreement and the enforcement thereof, and (b) the enforcement of DDF's remedies set forth in Section 1.11 above, including but not limited to court costs and attorneys' fees.

(Id., Ex. B.)

Notably, BBF—the movant here—is not a party to either contract.  Its name appears only on a Debit Card Authorization form attached to the agreements, which authorizes "BBF Partners and/or its affiliates" to charge guarantor David A. Whitaker's debit card.  (See id.,

2

Ex. A at 10; Ex. B at 9.)  Nothing in either contract gives BBF the right to recover attorney's fees from either plaintiff.[1]

Regardless, even if BBF did have such a right under the contracts, the attorney's fees provision would not apply to this circumstance because there has been no judicial finding of a breach by Mon Ethos Pro Consulting, LLC and defendants did not prevail in enforcing any of the contract terms.  See, e.g., K'oyitl'ots'ina, Ltd. v. Gottschalk, 500 F. Supp. 3d 51, 54 (S.D.N.Y. 2020) ("Because this case was dismissed before a determination on the merits of [the plaintiff's] breach claim, the Costs & Attorney's Fees provision's condition precedent -- that either party breached the Agreement -- has not been established.  Accordingly, [defendant] cannot recover fees or costs under the Agreement.") (citing Amphenol Corp. v. Paul, 591 F. App'x 34, 36 (2d Cir. 2015)); Kullman v. New York, No. 07 CV 716, 2010 WL 11469138, at *7 (N.D.N.Y. Jan. 7, 2010) (denying motion for attorney's fees where stipulation agreement did "not involve judicial action sufficient to convey prevailing party status.").  Rather, plaintiffs voluntarily dismissed this case without prejudice, which results in no change in the parties' legal relationship.  See Polaris Images Corp. v. ENTtech Media Grp. LLC, No. 19 CV 8208, 2020 WL 2904865, at *2 (S.D.N.Y. June 3, 2020) ("[A] voluntary dismissal without prejudice involves neither a judicial sanction, because it is a unilateral action taken by the plaintiff without involvement from the court, nor a change in the legal relationship of the parties, because the plaintiff is free to resurrect her claim if she so wishes.") (citing Magder v. Lee, No. 14 CV 8461, 2015 WL 4887551, at *2

---

[1]  Defendants' counsel also purports to bring this motion on behalf of non-party Tailored Fund Cap LLC (see Def.'s Ltr. at 1) but provides no authority for doing so.

3

(S.D.N.Y. Aug. 17, 2015); TRF Music Inc. v. Alan Ett Music Grp., LLC, No. 06 CV 349, 2006 WL 1376931, at *2-3 (S.D.N.Y. May 18, 2006)).[2]

Accordingly, I respectfully recommend that defendant's motion for attorney's fees be denied.  Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
Unites States Magistrate Judge

Dated: Brooklyn, New York
       August 13, 2021

---

[2] Plaintiffs also argue that defendant's motion should be denied because it is untimely and fails to include contemporaneous time records or other documentation.  (See Letter of Lauren M. Paxton, Esq., dated Oct. 28, 2020, Dkt. No. 68.)  Because I recommend denying the motion on the merits, I find it unnecessary to address these issues.